## **EXHIBIT B**

## **Proposed Recognition Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| In re: | ) ) | Chapter 15 |
| ALITALIA - SOCIETÀ AEREA ITALIANA S.P.A. AMMINISTRAZIONE STRAORDINARIA, Debtor in a Foreign Proceeding | ) ) ) ) | Case No. 17-_____ |
| Debtor. | ) ) ) |   |

ORDER PURSUANT TO
11 U.S.C. §§ 1504, 1515, 1517 AND 1520 RECOGNIZING
FOREIGN REPRESENTATIVES AND FOREIGN MAIN PROCEEDING

Upon the *Verified Petition of Foreign Representatives for Recognition of Foreign Main Proceeding Under 11 U.S.C. §§ 1515 and 1517 and Relief Under 11 U.S.C. §§ 1519, 1520 and 1521* (the "Petition")[1] seeking (a) recognition of the Foreign Representatives as the "foreign representatives" (as defined in Section 101(24) of the Bankruptcy Code) of the above-captioned Debtor ("Alitalia" or the "Debtor"); and (b) recognition of the Debtor's proceeding (the "Foreign Main Proceeding") pending under Italian law before the Minister of Economic Development and the Court of Civitavecchia (the "Italian Court"), as a foreign main proceeding pursuant to Sections 1515 and 1517 of title 11 of the United States Code (the "Bankruptcy Code"); and upon the hearing on the Petition and this Court's review and consideration of the Petition; IT IS HEREBY FOUND AND DETERMINED THAT:[2]

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Petition.

[2] The findings and conclusions set forth herein and in the record of the hearing on the Petition constitute this Court's findings of facts and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules

A.  This Court has jurisdiction to consider the Petition and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

B.  The consideration of the Petition and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

C.  Venue is proper before this Court pursuant to 28 U.S.C. § 1410(1).

D.  The Foreign Representatives provided service and notice in accordance with this Court's *Order Pursuant to Federal Rules of Bankruptcy Procedure 2002 and 9007 Scheduling Hearing and Specifying Form and Manner of Service and Notice*, dated June __, 2017 (D.I. __), which service and notice constituted sufficient service and notice of this Order.

E.  No objections or other responses were filed that have not been overruled, withdrawn, or otherwise resolved.

F.  The Chapter 15 Case was properly commenced pursuant to Sections 1504, 1509, and 1515 of the Bankruptcy Code.

G.  The Foreign Representatives are "persons" pursuant to Sections 101(41) and 101(24) of the Bankruptcy Code, and the Foreign Representatives have satisfied the requirements of Section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

H.  The Foreign Main Proceeding is pending in Italy, where the Debtor's "center of its main interests," as referred to in Section 1517(b)(1) of the Bankruptcy Code, is located, and accordingly, the Foreign Main Proceeding is a "foreign main proceeding" pursuant to Section 1502(4) of the Bankruptcy Code, and is entitled to

---

7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

recognition as a foreign main proceeding pursuant to Section 1517(b)(l) of the Bankruptcy Code.

I.  The Foreign Representatives are the duly appointed foreign representatives of the Debtor within the meaning of Section 101(24) of the Bankruptcy Code.

J.  The Foreign Representatives are entitled to all the relief provided pursuant to Sections 1520 and 1521(a)(4) and (5) of the Bankruptcy Code, without limitation, because those protections are necessary to effectuate the purposes of Chapter 15 of the Bankruptcy Code and to protect the assets of the Debtor and the interests of the Debtor's creditors.

BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:

1.  The Petition is granted.

2.  The Foreign Main Proceeding is recognized as a foreign main proceeding pursuant to Section 1517(a) and 1517(b)(l) of the Bankruptcy Code, and all the effects of recognition as set forth in Section 1520 of the Bankruptcy Code shall apply.

3.  Upon entry of this Order, pursuant to Section 1520 of the Bankruptcy Code, the Foreign Main Proceeding shall be given its full force and effect and, among other things:

   a. the protections of Sections 361 and 362 of the Bankruptcy Code apply to the Debtor and its assets in the United States;

   b. all persons and entities are enjoined from seizing, attaching and/or enforcing or executing liens or judgments against the Debtor's property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the Debtor's assets or terminating or

3

   otherwise interfering with the Debtor's agreements in the United States without the express consent of the Foreign Representatives; and

  c. all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Debtor or its assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Debtor or its assets or proceeds thereof.

4. The Foreign Representatives and the Debtor shall be entitled to the full protections and rights enumerated under Section 1521(a)(4) and (5) of the Bankruptcy Code, and accordingly, the Foreign Representatives:

  a. are entrusted with the administration or realization of all or part of the Debtor's assets located in the United States; and

  b. have the right and power to examine witnesses, take evidence or deliver information concerning the Debtor's assets, affairs, rights, obligations, or liabilities.

5. The Foreign Representatives are hereby established as the representatives of the Debtor with full authority to administer the Debtor's assets and affairs in the United States, including, without limitation, making payments on account of the Debtor's obligations accruing after the date of the Decree.

6. The banks and financial institutions with which the Debtor maintains bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer the Debtor's bank accounts without interruption and in the ordinary course and to receive, process, honor and pay any and all such checks, drafts, wires and automatic clearing house transfers issued, whether before or after the date of this Petition and drawn on the Debtor's bank accounts by respective holders and makers thereof and at the direction of the Foreign Representatives or the Debtor, as the case may be.

7. The Foreign Representatives are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8. The Foreign Representatives, the Debtor and its respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Foreign Representatives shall serve this Order on or before _____, 2017, which shall constitute sufficient service and notice.

11. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through the Chapter 15 Case, and any request by any entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

New York, New York
Date: _____, 2017

_____
United States Bankruptcy Judge

5