DICONZA TRAURIG KADISH LLP             Hearing Date: June 26, 2017 at 2:00 p.m.
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Fax: (212) 682-4942
Jeffrey Traurig
Allen G. Kadish
Email:  jtraurig@dtklawgroup.com
         akadish@dtklawgroup.com

*Counsel for Worldwide Flight Services, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────────────────
In re:                                              Chapter 15

ALITALIA-SOCIETA AEREA ITALIANA S.P.A.              Case No. 17-11618 (SHL)
In AMMINISTRAZIONE STRAORDINARIA,
Debtor in a Foreign Proceeding,

                                    Debtor.
───────────────────────────────────────────

**LIMITED OBJECTION OF WORLDWIDE FLIGHT SERVICES, INC. TO FOREIGN REPRESENTATIVES'** ***EX PARTE*** **APPLICATION FOR PRELIMINARY INJUNCTION**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Worldwide Flight Services, Inc. ("WFS"), by its undersigned counsel, files this limited objection (the "Objection") to the *Foreign Representatives' Ex Parte Application for Order (A) Granting Provisional Relief and Injunction and (B) Scheduling Hearing Pursuant to 11 U.S.C. §§ 105(a) and 1519* [Docket No. 3] (the "Application"), and respectfully states as follows:

## BACKGROUND

**A. Worldwide Flight Services, Inc.**

1.  WFS currently provides services for Alitalia-Societa Aerea Italiana S.p.A. ("Alitalia" or the "Debtor") at four (4) major airports in the United States, namely JFK

1

International Airport in New York, O'Hare Airport in Chicago, Los Angeles International Airport, and Miami International Airport.[1] At each of the foregoing airports, WFS provides services to Alitalia pursuant to a separate Annex B to the International Air Transport Association Standard Ground Handling Agreement.

2. WFS provides cargo handling services for Alitalia at JFK International Airport, Los Angeles International Airport and Miami International Airport, and provides passenger services for Alitalia at O'Hare Airport in Chicago.

B. **Alitalia's Italian and Chapter 15 Proceedings**

3. On May 2, 2017, when Alitalia's extraordinary administration procedure commenced in Italy, Alitalia owed WFS at least (US) $333,015.45. Alitalia has not paid any part of said sum to WFS.

4. Since May 2, 2017, WFS has continued to provide services to Alitalia, but Alitalia has not paid WFS for any post-May 2, 2017 services. As of June 12, 2017, Alitalia owed WFS at least (US) $233,982.44 for services rendered on and after May 2, 2017 (and the actual amount owing to WFS for services provided to Alitalia since May 2, 2017 is higher, because WFS has provided service since June 12, 2017. The amount owed to WFS increases with each Alitalia flight for which WFS provides services).

5. Since May 2, 2017, Alitalia and WFS negotiated an amendment to the existing agreements between them. WFS signed that amendment but, to date, Alitalia has not signed it.

6. On June 12, 2017 Messrs. Luigi Gubitosi and Enrico Laghi (two of Alitalia's

---

[1] WFS is the successor by merger to: (i) Cargo Airport Services USA, LLC (which, prior to March 31, 2017, provided services to Alitalia at JFK International Airport in New York and Miami International Airport) and (ii) Integrated Airline Services Inc d/b/a Consolidated Aviation Services (which, prior to March 31, 2017 provided services to Alitalia at Los Angeles International Airport).

2

Foreign Representatives) filed: (i) a Chapter 15 Petition in this Court seeking Recognition of Alitalia's Foreign Proceeding [Docket No. 1] (the "Chapter 15 Petition") and (ii) the Application.

**C.   The Temporary Restraining Order**

7.   On June 12, 2017, this Court entered a Temporary Restraining Order [Docket No. 3] ("TRO") that is substantially similar to the temporary injunctive relief requested in the Application. The TRO sets June 22, 2017 (at noon) as the deadline for objections to the relief sought in the Application.

8.   WFS is supportive of Alitalia's desire to continue to operate while in reorganization proceedings under Italian law, and its desire to protect its assets. However, Alitalia is not paying WFS for post-May 2, 2017 services and WFS needs its interests protected as well.

9.   The Application seeks, among other things, an order applying sections 361 and 362 of the Bankruptcy Code pursuant to sections 105(a) and 1519(a). Although section 361 is not specifically enumerated in section 1521, the Application apparently seeks section 361 relief under the "catch-all" provision that exists in section 1521(a)(7). *See* Application at ¶23. The Application proposes a preliminary injunction order that will enjoin all persons and entities from: (i) "attaching and/or enforcing or executing liens…against the Debtor's property in the United States or from transferring, encumbering or otherwise disposing of, interfering with or terminating any contractual or other rights with respect of the Debtor's assets or agreements in the United States without the express consent of the Foreign Representatives", and (ii) commencing or continuing ...any...action or proceeding involving or against the Debtor or its assets or proceeds thereof, or to recover a claim…against the Debtor or its assets or proceeds thereof." *See* Application at ¶23(c) and (d) and proposed preliminary injunction order at ¶16(d) and (e).

3

**LIMITED OBJECTION**

10.     Although the Application recites that it seeks relief under section 362, in fact the Application seeks broader relief than section 362 provides.  For example, section 362 enjoins creditors from commencing or continuing any action or proceeding that was or could have been commenced before the bankruptcy (Section 362(a)(1)), but the Application and the proposed order granting preliminary injunction do *not* limit the requested injunction to pre-May 2, 2017 claims, actions or proceedings.  The proposed preliminary injunction order is too broad.

11.     At this point in time, WFS does not object to Alitalia's protection of its assets.  However, whether intentional or not, the injunctive relief that the Application seeks appears to impair WFS' ability to get paid for post-May 2, 2017 services that it provides (or has provided) to Alitalia.  Although the Chapter 15 Petition recites (at Docket No. 1-1, ¶5) that the Debtor "will perform its post-May 2, 2017 obligations in the normal course…", to date WFS has *not* received any payment for its post-May 2, 2017 services rendered to the Debtor.  It is inequitable for WFS to be enjoined from seeking payment for post-petition services; indeed, the injunctive relief sought in the Application puts WFS at significant risk.

12.     To the extent that WFS has any lien rights or rights of recoupment, the Application seeks to enjoin WFS from using them.  Alitalia is seeking this relief without, among other things, providing WFS with adequate protection for the loss of its property rights.

13.     Indeed, the relief sought in the Application is so broad that it appears to prevent creditors from participating in any claims filing process/procedure.  WFS assumes that this was *not* the Debtor's intent and, consequently, the proposed Preliminary Injunction should expressly state that nothing therein prevents any entity from filing any claims against the Debtor in the Italian proceeding or in the Chapter 15 case.

14. The relief sought in the Application also enjoins any "interference with…contractual or other rights with respect to the Debtor's …agreements in the United States without the express consent of the Foreign Representatives." *See* Application at ¶23(c) and proposed Preliminary Injunction Order at ¶16(d). As indicated above, after May 2, 2017 Alitalia and WFS negotiated an amendment to the existing agreements between them. WFS has signed that Amendment, but Alitalia has not yet done so, and the relief requested in the Application appears to prohibit amendment to the existing agreements unless the Foreign Representatives expressly consent. WFS objects to this, and requests a "carve out" from any injunctive relief to permit Alitalia to sign the amendment (and have the amendment go into effect) without the express consent of the Foreign Representatives to provide some protection for WFS' interests.

15. Any creditor or party-in-interest should have the right to seek relief from the injunction(s) that Alitalia seeks, and any preliminary injunction order (or other order granting injunctive relief) should so state. This is especially important to WFS because, to date, Alitalia has not paid WFS for post-May 2, 2017 services performed, and the Application seeks injunctive relief that impairs WFS' rights of recoupment without providing adequate protection to WFS. Furthermore, any creditor should have the right to pursue any rights and/or remedies against the Debtor in this Chapter 15 case and/or in the Italian proceeding, as applicable.

16. Under section 1522(a), the Court may grant, modify or terminate any relief sought under sections 1519 and 1521 to ensure that the interests of creditors and other interest entities, including the debtor, are sufficiently protected. Additionally, the Court may refuse to take any action on the basis of public policy. *See* 11 U.S.C. § 1506.

**RELIEF REQUESTED**

17. WFS asserts that, if a preliminary injunction is granted it *must* be limited to pre-May 2, 2017 obligations so that WFS is not obligated to provide post-May 2, 2017 services to Alitalia without payment for those services or some form of guarantee of payment, or that Alitalia otherwise provide adequate protection for any liens and/or recoupment rights that exist or will be created. WFS also requests: (i) a "carve out" from any injunctive relief to permit Alitalia to sign the amendment referenced above (and have that amendment go into effect) without the express consent of the Foreign Representatives, (ii) the right to seek relief from any injunction, (iii) the right to file any claims against the Debtor in the Italian proceeding or in the Chapter 15 case, and (iv) the right to pursue any rights and/or remedies against the Debtor in this Chapter 15 case and/or in the Italian proceeding, as applicable.

18. Especially because the Application seeks relief that is preliminary in nature, WFS requests that any preliminary injunction order include the following additional language:

> The findings of fact and conclusions of law herein are preliminary and solely for the purposes of this Order and are without prejudice to any party's rights to seek relief from such findings of fact and conclusions of law in connection with any further proceedings in this Chapter 15 Case or any other case or proceeding.

19. WFS reserves the right to supplement and/or amend this limited objection, to join in objections filed by others, and to raise any objection at the hearing on the Application.

## **CONCLUSION**

WHEREFORE, WFS respectfully requests that this Court deny the Application in part as described herein, and that it grant WFS such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: New York, New York<br>June 22, 2017 | DICONZA TRAURIG KADISH LLP<br><br>By:   /s/ Jeffrey Traurig<br>       Jeffrey Traurig<br>       Allen G. Kadish<br>630 Third Avenue<br>New York, New York 10017<br>Tel:  (212) 682-4940<br>Email:  jtraurig@dtklawgroup.com<br>           akadish@dtklawgroup.com<br><br>*Counsel for Worldwide Flight Services, Inc.* |

*-and-*

HOWARD & HOWARD ATTORNEYS PLLC
Lisa S. Gretchko, Esq.
450 West Fourth Street
Royal Oak, Michigan 48067
Tel:  (248) 723-0396
Email: lgretchko@howardandhoward.com