**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 15 |
|  | ) |  |
| ALITALIA - SOCIETÀ AEREA ITALIANA S.P.A. | ) | Case No. 17-11618 |
| in AMMINISTRAZIONE STRAORDINARIA, | ) |  |
| Debtor in a Foreign Proceeding | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**AMENDED TEMPORARY RESTRAINING ORDER**

Upon the Application for certain provisional and injunctive relief (the "Application") filed by the Foreign Representatives as foreign representatives of the above-captioned Debtor (collectively, the "Debtor") in the Debtor's reorganization proceedings under Italian law currently pending before the Italian Minister of Economic Development, (the "Foreign Main Proceeding"); and upon this Court's review and consideration of the Application and the Declaration of Benedetto Mencaroni Poiani; this Court having jurisdiction to consider the Application and the relief requested in it under 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 109 and 1501; consideration of the Application and the relief requested in it being a core proceeding under 28 U.S.C. § 157(b)(2)(P); venue being proper before this Court under 28 U.S.C. § 1410(1) and (3); it appearing that the relief requested in the Application is necessary and beneficial to the Debtor; and after due deliberation and sufficient cause appearing therefor ***and for the reasons stated on the record at the hearing on June 12, 2017***, IT IS HEREBY FOUND AND DETERMINED THAT[1]:

---

[1] The findings and conclusions set forth herein and in the record of the hearing on the Petition constitute this Court's findings of facts and conclusions of law under Federal Rule Of Civil Procedure 52, as made applicable here by Federal Rules of Bankruptcy Procedure 7052 and 9014. To the extent any of the findings of fact herein constitute conclusions of

A. There ~~is~~ *appears to be* a substantial likelihood that the Foreign Representatives will be able to demonstrate that they are "foreign representatives" within the meaning of Section 101(24) of the Bankruptcy Code and that the Foreign Main Proceeding constitutes a "foreign main proceeding" as defined in Section 1502(4) of the Bankruptcy Code.

B. The commencement or continuation of any action or proceeding in the United States against the Debtor should be enjoined under Sections 105(a) and 1519 of the Bankruptcy Code to permit the expeditious and economical administration of the Debtor's estates in the Foreign Main Proceeding, and either (a) such relief will not cause an undue hardship to other parties in interest or (b) any hardship to parties is outweighed by the benefits of the relief requested.

C. Unless a temporary restraining order issues, there is a material risk that the Debtor's assets could be subject to efforts by creditors or other parties in interest in the United States to control or possess such assets, or that business partners or contract counterparties could use the Foreign Main Proceeding as a pretext to terminate unfavorable contracts, require security deposits, tighten credit terms or take other detrimental business acts against the Debtor or its U.S. assets.

D. Such acts would ~~(a) interfere with the jurisdictional mandate of this Court under Chapter 15 of the Bankruptcy Code; (b)~~ interfere with and cause harm to the Debtor's efforts to administer its estates pursuant to the Foreign Main Proceeding; and ~~(c)~~ *potentially* undermine the Foreign Representatives' efforts to achieve an equitable result for the benefit of all of the Debtor's creditors. Accordingly, there is a material risk that the Debtor will suffer immediate and irreparable injury, and it is therefore necessary that the Court enter this Order.

---

law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

      E.      The interest of the public will be served by this Court's entry of this Order.

      F.      The Foreign Representatives and the Debtor are entitled to the full protections and rights available under 1519(a)(1)-(3) of the Bankruptcy Code.

BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:

    1.    The Application is granted insofar as a temporary restraining order ("TRO") is in immediate effect for ten (10) days through and including June 23, 2017. The TRO will automatically be extended through June 26, 2017 unless objection to its continued effect is made before then by any creditor, including without limitation, Broadband Centric Inc. or Terminal One Group Association, L.P.

    2.    To the extent unresolved objections to the preliminary injunction requested in the Application exist, all parties in interest must come before the Honorable United States Bankruptcy Judge Sean H. Lane for the Southern District of New York, for a hearing (the "Hearing") at **2:00 p.m. on June 26, 2017**, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Room 701, One Bowling Green, New York, New York 10004, or as soon thereafter as counsel may be heard, to show why a preliminary injunction should not be granted, pending the issuance of an order recognizing the Foreign Representatives as "foreign representatives" within the meaning of Section 101(24) of the Bankruptcy Code and the Foreign Main Proceeding as a "foreign main proceeding" as defined in Section 1502(4) of the Bankruptcy Code:

    (a)    ordering that the protections of Sections 361 and 362 of the Bankruptcy Code apply to the Debtor and its assets in the United States;

    (b)    establishing the Foreign Representatives as the representatives of the Debtor with full authority to administer the Debtor's assets and affairs in the United States, including, without limitation, making payments on account of the Debtor's prepetition and postpetition obligations;

    (c)    enjoining all persons and entities, including Terminal One Group Association L.P. ("Terminal One") and Broadband Centric Inc. ("Broadband") from

seizing, attaching and/or enforcing or executing liens or judgments against the Debtor's property in the United States or from transferring, encumbering or otherwise disposing of, interfering with, or terminating any contractual or other rights with respect to the Debtor's assets or agreements in the United States without the express consent of the Foreign Representatives;

(d) enjoining all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Debtor or its assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Debtor or its assets or proceeds thereof;

(e) entrusting the administration and realization of all of the Debtor's assets in the United States to the Foreign Representatives, including all of the Debtor's assets located in the United States or which may have been transferred to third parties in the United States; and

(f) providing that the Foreign Representatives are authorized to examine witnesses, take evidence and deliver information concerning the Debtor's assets, affairs, rights, obligations or liabilities.

3. Pending entry of further order of this Court, the protections of Sections 361 and 362 of the Bankruptcy Code, to the extent applicable, apply to the Debtor and its assets in the United States.

4. Pending entry of further order of this Court:

(a) the Foreign Representatives are established as the representatives of the Debtor with full authority to administer the Debtor's assets and affairs in the United States, including, without limitation, making payments on account of the Debtor's prepetition and postpetition obligations;

(b) the Foreign Representatives are entrusted the administration or realization of all or part of the Debtor's assets in the United States, including, without limitation, all of the Debtor's assets in the United States that may have been transferred to parties in the United States;

(c) all persons and entities, including Terminal One and Broadband, are enjoined from seizing, attaching and/or enforcing or executing liens or judgments against the Debtor's property in the United States or from transferring, encumbering or otherwise disposing of, interfering with, or terminating any contractual or other rights with respect to the Debtor's assets or agreements in the United States without the express consent of the Foreign Representatives;

(d) all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the

4

        Debtor or its assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Debtor or its assets or proceeds thereof; and

    (e)    the Foreign Representatives have the right and power to examine witnesses, take evidence or deliver information concerning the Debtor's assets, affairs, rights, obligations or liabilities.

5.    Pending entry of further order of this Court, the Foreign Representatives, in connection with their appointment as the Debtor's commissioners in the Foreign Main Proceeding or as the "foreign representatives" in the Chapter 15 Case, and the Debtor, are hereby granted the full protections and rights available under Section 1519(a)(1)-(3) of the Bankruptcy Code.

6.    Under Federal Rule of Civil Procedure 65(b), made applicable to the Chapter 15 Case by Federal Rule of Bankruptcy Procedure 7065, no notice to any person is required prior to entry and issuance of this Order.

7.    Under Rule 7065, the security provisions of Rule 65(c) are waived.

8.    The banks and financial institutions with which the Debtor maintains bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer the Debtor's bank accounts without interruption and in the ordinary course and to receive, process, honor and pay any and all such checks, drafts, wires and automatic clearing house transfers issued, whether before or after the Petition Date and drawn on the Debtor's bank accounts by respective holders and makers thereof and at the direction of the Foreign Representatives or the Debtor, as the case may be.

9.    This Order and the Application shall be served ***no later than June 13, 2017 by overnight mail*** on: (a) the Office of the United States Trustee; (b) Terminal One; (c) Broadband; (d) the Federal Aviation Administration; (e) the Federal Transit Administration; (f) all parties to litigation currently pending in the United States in which the Debtor is a

5

party; (g) the United States Department of Justice; (h) all airport authorities at which the Debtor has operations; (i) the Debtor's employees *in the United States*; (j) the Debtor's largest 50 U.S. trade creditors; (k) all other parties against whom the Debtor is seeking preliminary relief pursuant to Section 1519 of the Bankruptcy Code; and (*l*) all parties that file notices of appearance in the Chapter 15 Case in accordance with Bankruptcy Rule 2002.

10.     Service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes. The Foreign Representatives, the Debtor and their respective agents are authorized to serve or provide any notices required under the Federal Rules of Bankruptcy Procedure or local rules of this Court.

11.     Any party in interest may file objections and be heard by this Court in accordance with the terms of any order of the Court providing for a hearing on any subsequent relief sought by the Foreign Representatives in the Chapter 15 Case.

12.     Any party in interest wishing to submit a response or objection to the relief requested in the Application must do so in writing and shall conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York and shall be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and by all other parties in interest, on a 3.5-inch disk, in text-searchable Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (in either case, with a hard copy marked "Chambers Copy" and delivered directly to the Bankruptcy Court) and shall be served so as to be actually received by no later than **June 22, 2017 at 12:00 noon** a̶/̶p̶.̶m̶.̶ (Eastern Time) by the following parties: (a) counsel to the Foreign Representatives, Freshfields Bruckhaus Deringer US LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Madlyn Gleich Primoff, Scott Talmadge, and Scott A. Eisman; (b) the Office of

the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; and (c) all parties that file notices of appearance in the Chapter 15 Case in accordance with Federal Rule of Bankruptcy Procedure 2002. *Any reply to the response or objection shall be filed by June 26, 2017 at 12:00 noon.* This Court may enter an order granting the preliminary injunction requested in the Application if no unresolved objections exist.

13. The Foreign Representatives are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. *This relief is without prejudice to any party's ability to request that the hearing on Debtor's requested preliminary injunction take place before Monday, June 26, 2017; any party may make such a request by filing a letter on the docket by June 16, 2017 at 2 p.m., at which point the Court shall determine a new hearing date.*

16. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through the Chapter 15 Case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

New York, New York  
Date: June 22, 2017

                                        */s/ Sean H. Lane*  
                                        United States Bankruptcy Judge