| | |
|---|---|
| DICONZA TRAURIG KADISH LLP<br>630 Third Avenue<br>New York, New York 10017<br>Tel: (212) 682-4940<br>Fax: (212) 682-4942<br>Jeffrey Traurig<br>Allen G. Kadish<br>Email: jtraurig@dtklawgroup.com<br>　　　　akadish@dtklawgroup.com | Hearing Date: July 5, 2017 at 11:00 a.m. |

*Counsel for Worldwide Flight Services, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

| | |
|---|---|
| In re: | Chapter 15 |
| ALITALIA-SOCIETA AEREA ITALIANA S.P.A.<br>In AMMINISTRAZIONE STRAORDINARIA,<br>Debtor in a Foreign Proceeding, | Case No. 17-11618 (SHL) |
| 　　　　　　　　　　　　　　　Debtor. | |

———————————————————————

**LIMITED OBJECTION AND RESERVATION OF RIGHTS
OF WORLDWIDE FLIGHT SERVICES, INC. TO VERIFIED
PETITION OF FOREIGN REPRESENTATIVES FOR RECOGNITION
OF FOREIGN MAIN PROCEEDING UNDER 11 U.S.C. §§ 1515
AND 1517 AND RELIEF UNDER 11 U.S.C. §§ 1519, 1520 AND 1521**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

　　Worldwide Flight Services, Inc. ("WFS"), by its undersigned counsel, files this limited

objection and reservation of rights (the "Limited Objection") to the *Verified Petition of Foreign*

*Representatives for Recognition of Foreign Main Proceeding Under 11 U.S.C. §§ 1515 and 1517*

*and Relief Under 11 U.S.C. §§ 1519, 1520 and 1521* [Docket No. 1] (the "Petition"), and

respectfully states as follows:

1

# BACKGROUND

A. **Worldwide Flight Services, Inc.**

1. WFS currently provides services for Alitalia-Societa Aerea Italiana S.p.A. ("Alitalia" or the "Debtor") at four (4) major airports in the United States, namely JFK International Airport in New York, O'Hare International Airport in Chicago, Los Angeles International Airport, and Miami International Airport.[1] At each of the foregoing airports, WFS provides services to Alitalia pursuant to a separate Annex B to the International Air Transport Association Standard Ground Handling Agreement.

2. WFS provides cargo handling services for Alitalia at JFK International Airport, Los Angeles International Airport and Miami International Airport, and provides passenger services for Alitalia at O'Hare International Airport in Chicago.

B. **Alitalia's Italian and Chapter 15 Proceedings**

3. On May 2, 2017, when Alitalia's extraordinary administration procedure commenced in Italy, Alitalia owed WFS at least (US) $333,015.45. Alitalia has not paid any part of said sum to WFS.

4. Since May 2, 2017, WFS has continued to provide services to Alitalia.

5. Also since May 2, 2017, Alitalia and WFS negotiated an amendment to the existing agreements between them with an effective date of June 1, 2017.

6. On June 12, 2017 Messrs. Luigi Gubitosi and Enrico Laghi (two of Alitalia's Foreign Representatives) filed: (i) the Petition and (ii) an *Ex Parte* Application for Order (A)

---

[1] WFS is the successor by merger to: (i) Cargo Airport Services USA, LLC (which, prior to March 31, 2017, provided services to Alitalia at JFK International Airport in New York and Miami International Airport) and (ii) Integrated Airline Services Inc d/b/a Consolidated Aviation Services (which, prior to March 31, 2017 provided services to Alitalia at Los Angeles International Airport).

Granting Provisional Relief and Injunction and (B) Scheduling Hearing Pursuant to 11 U.S.C. §§ 105(a) and 1519 [Docket No. 3] (the "<u>Preliminary Injunction Application</u>').

C. **<u>The Temporary Restraining Order</u>**

7. On June 12, 2017, this Court entered a Temporary Restraining Order [Docket No. 5] ("<u>TRO</u>") that set June 22, 2017 as the deadline for objections to the relief sought in the Preliminary Injunction Application. WFS timely filed a Limited Objection to the Preliminary Injunction Application, *see* Docket No. 15. On June 23, 2017, Alitalia filed a Reply to WFS' Limited Objection [Docket No. 23] stating that (on June 23, 2017) Alitalia: (i) signed the amendment referenced in paragraph 5, above, and (ii) wired WFS payment for services rendered from May 2, 2017 to June 17, 2017.

8. WFS has no objection to recognition of the Foreign Main Proceeding as a foreign main proceeding pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code. WFS is also supportive of Alitalia's desire to continue to operate while in reorganization proceedings under Italian law, and its desire to protect its assets. However, WFS needs its interests protected as well, and opposes injunctive relief that could impair its ability to get paid for post-May 2, 2017 services. The Debtor and WFS continue to work together toward a consensual resolution of WFS' issues and concerns.

9. The Petition seeks, among other things, an order applying sections 361 and 362 of the Bankruptcy Code pursuant to sections 1520. The proposed order granting the Petition seeks to enjoin all persons and entities from: (i) "seizing, attaching and/or enforcing or executing liens…against the Debtor's property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the Debtor's assets or terminating or otherwise interfering with the Debtor's agreements in the United States without the express consent of the

Foreign Representatives", and (ii) commencing or continuing ...any...action or proceeding involving or against the Debtor or its assets or proceeds thereof, or to recover a claim…against the Debtor or its assets or proceeds thereof." *See* proposed order granting the Petition at ¶3(b) and (c).

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

10. Counsel for WFS and Alitalia continue their negotiations toward a consensual resolution of WFS' Limited Objection to the Petition, and the undersigned is hopeful that those negotiations will be successful. In an abundance of caution, however, WFS files this Limited Objection.

11. Although the Petition recites that it seeks relief under section 362, the Petition (and the proposed order granting it) appears to seek broader relief than some sub-sections of 362 provide. For example, section 362(a)(1) enjoins creditors from commencing or continuing any action or proceeding that was or could have been commenced before the bankruptcy, but the Petition and the proposed order granting it do *not* limit the requested injunction to pre-May 2, 2017 claims, actions or proceedings. Although section 1521 appears to permit imposition of a stay beyond what is provided in section 362, Alitalia has not explained *why* it needs broader relief than section 362 provides. Moreover, any injunction should be effective solely within the territorial jurisdiction of the United States. Respectfully, the injunctive relief contained in the proposed order granting the Petition is too broad.

12. At this point in time, WFS does not object to Alitalia's protection of its assets. Although it is comforting that the Chapter 15 Petition recites (at Docket No. 1-1, ¶5) that the Debtor "will perform its post-May 2, 2017 obligations in the normal course…" WFS should not be enjoined from seeking payment for post-petition services. Debtor's reply to WFS' objection to the Preliminary Injunction [Docket No. 23] states that the Debtor is willing to insert language into

the Preliminary Injunction Order to address this issue with respect to WFS and others, and the undersigned is hopeful that this issue can be consensually resolved in the order granting the Petition.

13. To the extent that WFS has any lien rights or rights of recoupment, the proposed order granting the Petition seeks to enjoin WFS from using them. Alitalia is seeking this relief without, among other things, providing WFS with adequate protection for the loss of its property rights. The parties continue in their attempts to resolve this issue.

14. The proposed order granting the Petition appears to prevent creditors from participating in any claims filing process/procedure. Debtor's counsel has confirmed that this was *not* the Debtor's intent and consequently, the undersigned is hopeful that this issue can be resolved consensually. WFS requests that the proposed order granting the Petition expressly state that nothing therein prevents any entity from filing any claims against the Debtor in the Foreign Main Proceeding or in the Chapter 15 case.

15. The relief sought in the Petition also enjoins any "interfering with… the Debtor's …agreements in the United States without the express consent of the Foreign Representatives." *See* proposed order granting Petition at ¶3(b). As indicated above, after May 2, 2017 Alitalia and WFS negotiated an amendment to the existing agreements between them. In its Reply [Docket No. 23] to WFS' Limited Objection to the Preliminary Injunction Motion, Debtor's counsel asserts that the Amendment has already been signed by the Foreign Representatives. However, the Petition identifies as Dr. Luigi Gubitosi, Prof. Enrico Laghi and Prof. Stefano Paleari, and none of them signed the Amendment. (Instead, the Amendment was signed by Alitalia's Vice-President of Procurement.) WFS requests a "carve out" from any injunctive relief to permit Alitalia to sign the amendment or any other amendment (and have such amendments go into effect) without the

express consent of the Foreign Representatives to provide some protection for WFS' interests, and to confirm that section 362 will not be construed to impair such Amendments.

16. WFS should have the right to seek relief from the stay and the injunction(s) that Alitalia seeks, and the right to pursue any rights and/or remedies against the Debtor in this Chapter 15 case and/or in the Foreign Main Proceeding, as applicable.

## RELIEF REQUESTED

17. WFS asserts that, if the proposed order granting the Petition includes injunctive relief or a stay, then such relief or stay with respect to WFS must be limited to pre-May 2, 2017 obligations so that WFS is not obligated to provide post-May 2, 2017 services to Alitalia without payment for those services or some form of guarantee of payment, or that Alitalia otherwise provide adequate protection for any liens and/or recoupment rights that exist or will be created. Also, the proposed Order granting the Petition should be effective solely within the territorial jurisdiction of the United States.

18. Further, similar to the relief requested with respect to the Preliminary Injunction Order, WFS requests: (i) a "carve out" from any injunctive relief or stay to permit Alitalia to sign the amendment referenced above or any other amendment (and have such amendment(s) go into effect) without the express consent of the Foreign Representatives, and confirming that section 362 will not be construed to impair the foregoing, (ii) the right to seek relief from any injunction or stay, (iii) the right to file or submit any claims against the Debtor in the Foreign Main Proceeding or in the Chapter 15 case, and (iv) the right to pursue any rights and/or remedies against the Debtor in this Chapter 15 case and/or in the Foreign Main Proceeding, as applicable.

19. WFS reserves the right to supplement and/or amend this Limited Objection, to join in objections filed by others, and to raise any objection at the hearing on the Petition.

# **CONCLUSION**

WHEREFORE, WFS respectfully requests that this Court deny the Petition's request for injunctive relief in part as described herein, and that it grant WFS such other and further relief as this Court deems just and proper.

Dated: New York, New York  
      June 26, 2017

DICONZA TRAURIG KADISH LLP

By:   /s/ Jeffrey Traurig  
     Jeffrey Traurig  
     Allen G. Kadish  
630 Third Avenue  
New York, New York 10017  
Tel: (212) 682-4940  
Fax: (212) 682-4942  
Email: jtraurig@dtklawgroup.com  
       akadish@dtklawgroup.com

*Counsel for Worldwide Flight Services, Inc.*

*-and-*

HOWARD & HOWARD ATTORNEYS PLLC  
Lisa S. Gretchko, Esq.  
450 West Fourth Street  
Royal Oak, Michigan 48067  
Tel: (248) 723-0396  
Email: lgretchko@howardandhoward.com