**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| ALITALIA - SOCIETÀ AEREA ITALIANA S.P.A. | ) | Case No. 17-11618-SHL |
| in AMMINISTRAZIONE STRAORDINARIA, | ) | |
| Debtor in a Foreign Proceeding | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER GRANTING**
**PRELIMINARY INJUNCTION**

Upon the Application for certain provisional and injunctive relief (the "Application") filed by the Foreign Representatives as foreign representatives of the above-captioned Debtor (collectively, the "Debtor") in the Debtor's reorganization proceedings under Italian law currently pending before the Italian Minister of Economic Development, (the "Foreign Main Proceeding"); and upon this Court's review and consideration of the Application; this Court having jurisdiction to consider the Application and the relief requested therein under 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501; consideration of the Application and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2)(P); venue being proper before this Court pursuant to 28 U.S.C. § 1410(1) and the Court having previously entered a temporary restraining order in this matter (*see* Dkt. Nos. 5, 18); appropriate, sufficient and timely notice of the filing of the Application and the hearing thereon having been given in accordance with this Court's *Temporary Restraining Order* and under Rule 2002(q) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and upon the record established at such hearing; it appearing that the relief requested in the Application is necessary and beneficial to the Debtor; and any objections or other responses having been overruled,

withdrawn or otherwise resolved; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY FOUND AND DETERMINED THAT[1]:

    A.    There is a substantial likelihood that the Foreign Representatives will be able to demonstrate that they are "foreign representatives" within the meaning of Section 101(24) of the Bankruptcy Code and that the Foreign Main Proceeding constitutes a "foreign main proceeding" as defined in Section 1502(4) of the Bankruptcy Code.

    B.    The commencement or continuation of any action or proceeding in the United States against the Debtor should be enjoined under Sections 105(a) and 1519 of the Bankruptcy Code to permit the expeditious and economical administration of the Debtor's estates in the Foreign Proceeding, and satisfies the requirements of Section 1519, including Section 1519(e).

    C.    Unless a preliminary injunction issues, there is a material risk that the Debtor's assets could be subject to efforts by creditors or other parties in interest in the United States to control or possess such assets, or that business partners or contract counterparties could use the Foreign Main Proceeding as a pretext to terminate unfavorable contracts, require security deposits, tighten credit terms or take other detrimental business acts against the Debtor or its U.S. assets.

    D.    Such acts could (a) interfere with and cause harm to the Debtor's efforts to administer its estates in the Foreign Main Proceeding; and (b) undermine the Foreign Representatives' efforts to achieve an equitable result for the benefit of all of the Debtor's creditors. Accordingly, there is a material risk that the Debtor may suffer immediate and irreparable injury, and it is therefore necessary that the Court enter this Order.

---

[1] The findings and conclusions set forth herein and in the record of the hearing on the Petition constitute this Court's findings of facts and conclusions of law under Federal Rule of Civil Procedure 52, as made applicable here by Federal Rule of Bankruptcy Procedure 7052 and 9014. To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

   E.  The Foreign Representatives and the Debtor are entitled to the full protections and rights available pursuant to Section 1519(a)(1)-(3) of the Bankruptcy Code.

BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:

   1.  Beginning on the date of this Order and continuing until the date of the entry of an order of this Court recognizing the Foreign Main Proceeding as a "foreign main proceeding" as defined in Section 1502(4) of the Bankruptcy Code and the Foreign Representatives as "foreign representatives" as defined in Section 101(24) of the Bankruptcy Code (unless otherwise extended pursuant to Section 1519(b) of the Bankruptcy Code) or further order of this Court:

  (a)  the protections of Sections 361 and 362 of the Bankruptcy Code apply to the Debtor and its assets in the United States; provided, however, that Section 362 shall not be construed (a) to limit any ability of Sky Chefs Inc. ("Sky Chefs"), Worldwide Flight Services, Inc. ("WFS"), or Airlines Reporting Corporation ("ARC") to seek payment for post-May 2, 2017 amounts allegedly due under the parties' contracts with the Debtor, pursuant to the terms of those contracts, by issuing invoices, contacting the Foreign Representatives and/or their counsel, proceeding in accordance with any claims protocol established in the Foreign Main Proceeding or by seeking relief in this Court or the Foreign Main Court; or (b) to apply to any attempts by contract counterparties to properly assert claims in accordance with any claims protocol procedures established by this Court or the Foreign Representatives in conjunction with the Italian Minister of Economic Development and the Court of Civitavecchia, including claims that arose before or after May 2, 2017;

  (b)  the Foreign Representatives are established as the representatives of the Debtor with full authority to administer the Debtor's assets and affairs in the United States, including, without limitation, making payments on account of the Debtor's prepetition and postpetition obligations;

  (c)  the Foreign Representatives are entrusted the administration or realization of all or part of the Debtor's assets in the United States, including, without limitation, all of the Debtor's assets that may have been transferred to parties in the United States;

  (d)  all persons and entities, including Terminal One Group Association, L.P. ("Terminal One") and Broadband Centric Inc. ("Broadband"), are enjoined from seizing, attaching and/or enforcing or executing liens or judgments against the Debtor's property in the United States or from transferring, encumbering or

3

    otherwise disposing of, interfering with, or terminating any contractual or other rights with respect to the Debtor's assets or agreements in the United States without the express consent of the Foreign Representatives, provided, however, that the contractual amendment entered into by WFS and the Debtor shall not be construed to violate this Court's Temporary Restraining Order or this Order;

  (e) all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Debtor or its assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Debtor or its assets or proceeds thereof;

  (f) the Foreign Representatives have the right and power to examine witnesses, take evidence or deliver information concerning the Debtor's assets, affairs, rights, obligations or liabilities; and

  (g) contract counterparties shall be permitted to seek relief from this Court, including stay relief, to the extent necessary, including to assert any rights and remedies related to the Debtor's United States' assets and contracts, and shall be able to seek such relief on an expedited basis.

  2. Subject to the express provisions of this Order, the Foreign Representatives, in connection with their appointment as the Debtor's commissioners in the Foreign Main Proceeding or as the "foreign representatives" in the Chapter 15 Case, and the Debtor, are hereby granted the full protections and rights available pursuant to Section 1519(a)(1)-(3) of the Bankruptcy Code.

  3. Under Federal Rule of Civil Procedure 65(b), made applicable to the Chapter 15 Case under Federal Rule of Bankruptcy Procedure 7065, no notice to any person is required prior to entry and issuance of this Order.

  4. Under Rule 7065, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived.

  5. This Order shall be served on: (a) the Office of the United States Trustee; (b) Terminal One; (c) Broadband; (d) the Federal Aviation Administration; (e) the Federal Transit Administration; (f) all parties to litigation currently pending in the United States in which the Debtor is a party; (g) United States Department of Justice; (h) the administrative agent for the Debtor's prepetition credit facilities; (i) all airport authorities at which the Debtor has

operations; (j) the Debtor's United States employees; (k) the Debtor's largest 50 U.S. trade creditors; (*l*) all other parties against whom the Debtor is seeking preliminary relief pursuant to Section 1519 of the Bankruptcy Code; and (m) all parties that file notices of appearance in the Chapter 15 Case in accordance with Bankruptcy Rule 2002.

6. Service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes. The Foreign Representatives, the Debtor, and their respective agents are authorized to serve or provide any notices required under the Federal Rules of Bankruptcy Procedure or local rules of this Court.

7. The banks and financial institutions with which the Debtor maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer the Debtor's bank accounts without interruption and in the ordinary course and to receive, process, honor and pay any and all such checks, drafts, wires and automatic clearing house transfers issued, whether before or after the Petition Date and drawn on the Debtor's bank accounts by respective holders and makers thereof and at the direction of the Foreign Representatives or the Debtor, as the case may be.

8. Consistent with the goal of maintaining and operating the Debtor's ongoing business as a global airline enterprise, the Debtor and the Foreign Representatives are authorized to continue participating in and performing under the Debtor's interline agreements, clearinghouse agreements, billing and settlement agreements and related agreements administered by or cleared through the International Air Transport Association ("IATA"), the IATA Clearing House and/or Airlines Clearing House, Inc. and/or ARC's clearinghouse (collectively, the "Industry Agreements"), including, without limitation, presenting, collecting, receiving and paying billings arising in ordinary course of business under the Industry Agreements, without regard to when the underlying obligations arose.

5

Notwithstanding anything to the contrary contained in this Order or in the Temporary Restraining Order entered June 12, 2017, the provisions of Sections 362 and 1520 of the Bankruptcy Code are hereby modified, *nunc pro tunc* to June 12, 2017, solely to the extent necessary to permit continuing performance of the Industry Agreements in the ordinary course of business by the Debtor, IATA, the IATA Clearing House, Airlines Clearing House, Inc., ARC, and other parties to the Industry Agreements and by financial institutions involved in implementing such agreements.

9. The Foreign Representatives are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10. Nothing in this Order shall prevent any entity from submitting claims in the Foreign Main Proceeding or from seeking relief to which it is otherwise entitled from the Italian Minister of Economic Development, the Court of Civitavecchia, Italy or this Court.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through the Chapter 15 Case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

New York, New York                     */s/ Sean H. Lane*
Date: June 28, 2017                    United States Bankruptcy Judge